UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAY CARL SHORT,<br><br>Defendant. | Case No. 4:17-cv-00451-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Pending before the Court is the Government's unopposed Motion for an Order Concerning Attorney-Client Privilege (Dkt. 5). For the reasons explained below, the Court will grant the motion.

# BACKGROUND

In July 2015, this Court sentenced Defendant Ray Short to 180 months in prison after he pleaded guilty to attempted sexual exploitation of a minor child. *See July 16, 2015 Judgment,* Dkt. 53 in Case No. 4:14-cr-273-BLW, at 1. The Ninth Circuit affirmed his sentence, and on October 30, 2017, Mr. Short filed his Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct his Sentence (Dkt. 1).[1] Short's § 2255 motion raises

---

[1] Short submitted this document to prison authorities for mailing on October 30, 2017. *See* Dkt. 1 at 13. It was received and filed by the Court on November 1, 2017.

several claims of ineffective assistance of counsel during the underlying criminal case. Based on these assertions, the Government asks the Court to declare a limited waiver of the attorney-client privilege so that it may meaningfully respond to Short's claims.

**DISCUSSION**

A party implicitly waives the attorney-client privilege when they file a lawsuit putting in issue communications otherwise privileged if upholding the privilege would deny the opposing party access to relevant facts. *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). Indeed, this implied waiver – sometimes known as the "fairness principle" – prevents use of the privilege as both a shield and a sword. *Id*. at 719 (citations omitted). If the party holding the privilege does not wish to disclose the requested privileged information, he has the option of abandoning the claim that gives rise to the implied waiver. *Id*. at 721.

Being mindful of the dictates of fairness, a court should grant a waiver no broader than necessary to enable the opposing party to respond to the allegations of ineffective assistance of counsel. *Id*. at 720. Accordingly, the district court may impose limitations and conditions regarding the information to be disclosed. *Id*. at 721. Should the party receiving the privileged information not wish to be bound by the limitations, then that party, before disclosure, "is free to reject the materials and litigate without

them." *Id*.

In his § 2255 Motion, Short alleges claims of ineffective assistance of counsel. The Court must resolve those claims utilizing the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). In other words, giving strong deference to the choices of counsel, it must decide whether counsel's performance was deficient, and, if so, whether Short was prejudiced by the deficient performance. *Id*. at 688.

Without knowing the extent of the communications surrounding the alleged ineffective assistance, the advice of counsel, and any discussions regarding counsel's actions or inactions, the government cannot respond meaningfully to Short's allegations. To respond to Short's allegations, therefore, fairness compels a decision to allow the Government to discuss the claims and motivations for the challenged actions with defense counsel. *See, e.g., Harrison v. United States*, 2011 WL 1743738 at *5 (D. Haw. May 6, 2011).

The Court finds that Short has implicitly waived the attorney-client privilege with respect to matters pertaining to his claims of ineffective assistance of counsel and will therefore grant the government's motion.

## ORDER

**IT IS ORDERED THAT:**

(1) The government's Motion for Order Concerning Attorney-Client Privilege (Dkt. 5) is GRANTED.

(2) The attorney client-privilege is waived to the full extent necessary for the

Government to respond to Short's allegations of ineffective assistance of counsel and to the full extent necessary for defense counsel, Kent Jensen, to provide information related to the subject matter of the allegations.

(3) Mr. Jensen is directed to make himself available at a reasonable time and place to answer material questions regarding Short's § 2255 motion, and to produce an affidavit responding to Short's allegations of ineffective assistance of counsel that can be filed with this Court on or before February 2, 2018. Any privileged information or documentation provided by Mr. Kent pursuant to this Order shall be utilized solely for purposes of this § 2255 proceeding.

DATED: January 11, 2018

_____
B. Lynn Winmill
Chief Judge
United States District Court